## Commonwealth v. Hoffner

*Thomas R. Miller, assistant district attorney*, for the commonwealth.

*Arthur K. Dils,* for defendant.

DOWLING, *J.*, May 19, 1989 — In *Through The Looking Glass,*[1] the White Queen is explaining to Alice the effect of living backwards:

" 'Living backwards!' Alice repeated in great astonishment. 'I never heard of such a thing! . . . But there's one great advantage in it, that one's memory works both ways. I'm sure mine only works one way,' Alice remarked. 'I can't remember things before they happen.'

" 'It's a poor sort of memory that only works backwards,' the Queen remarked. 'What sort of things do you remember best?' Alice ventured to ask. 'Oh, things that happened the week after next,' the Queen replied in a careless tone. 'For instance, now, there's the King's Messenger. He's in prison now, being punished: and the trial doesn't even begin till next Wednesday: and of course the crime comes last of all.' "

---

1. *Through The Looking Glass and What Alice Found There,* by Lewis Carroll.

This little literary tidbit is relevant to the matter before us which concerns a motion to suppress drug evidence obtained by a search warrant allegedly secured without sufficient probable cause.

It seems the United Parcel Service received a package on which a consignee's address was not clear. It was sent to a John Hoffner, R.D. 1, Palmyra, and apparently the box number could be read as either 327B or 627B.[2] The United Parcel Service considered this an unknown consignee because the address was not familiar to their delivery people. They claimed to have checked the telephone directory, but were unable to find a number. Their practice in these situations is to open the package to see if there is information inside which would indicate where it is to be delivered. This procedure being triggered by the above circumstances, which we find neither clear nor convincing, but rather indicative of a ruse, revealed the contents to be *marijuana*.

Nevertheless, the opening of the package is not really the issue since UPS is in the private shipping business. It is what occurred subsequently that now must engage our attention. The company notified the Attorney General's Bureau of Narcotics Investigation, who in turn contacted the Lebanon County Detective Bureau.

The police, unlike UPS, had no difficulty in locating defendant's residence. It was then decided to set up a controlled delivery. Sergeant Zechman of the Lebanon County Detective Bureau, posing as a UPS carrier, was to take the package of marijuana to the residence, ask for the person to whom it was addressed, have him sign for it, and then leave.

---

2. The number was on both the top and sides of the package. On one side it was clearly designated as 327B.

Meanwhile, back at the ranch, Agent Berlillin would go to a district justice and wait for a call from Zechman informing her that the trap had been sprung. Already prepared was a search warrant except for the last paragraph or a portion thereof which gave the time of the delivery. It is pretty well agreed that, without the acceptance of the package by defendant, there would not be probable cause for the issuance of a search warrant. It follows that, except in a police state, the authorities would not be justified in ransacking one's home just because contraband was addressed to the resident.

The last paragraph of the search warrant reads: "On December 14, 1987, at approximately 7:06 p.m., Det. Sgt. Zechman delivered the aforementioned package to the Hoffner/Kobaugh residence."

The jurat completed by the district justice states the time of issuance of the warrant as 7 p.m. Yet Agent Berlillin testified:

Q: Now was that typed on after he swore you?

A: Absolutely not.

So, unless we are back with Alice and the White Queen, "something is rotten in the state of Denmark," as Marcellus exclaimed when Hamlet walked off with his father's ghost.[3]

Rule of Criminal Procedure 2003 provides that:

"(a) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits."

Thus, any averment in the search warrant pertaining to events occurring after the jurat cannot be considered. Yet, without evidence of receipt by

---

3. *Hamlet,* Act 1, Scene 4.

defendant, there are not sufficient facts set forth in the probable cause section to show ownership or possession of the contraband by a Mr. Hoffner or even any indication that he was aware of the box and its contents.

Therefore, we are constrained to enter the following

## ORDER

And now, May 19, 1989, defendant's motion to suppress is granted.